**Ziemba v. DeWalt**

*Eric E. Winter,* for plaintiffs.
*Carl J. Engleman Jr.,* for defendants.

SPRECHER, *J.,* March 18, 2010—This opinion is filed at the request of the plaintiffs. Both parties filed a motion for summary judgment. On March 19, 2009, this court denied plaintiffs' motion for partial summary judgment and granted defendants' motion for summary judgment in part against plaintiffs. The order granted all of the defendants an irrevocable license to use the private road known as Crest Avenue (road) for ingress and egress to and from their properties. The following are the per-

tinent facts gleaned from the record, including the depositions of some of the parties and other witnesses.

## FACTS

Defendants filed a motion for summary judgment to request a determination that they had earned an irrevocable license for the use of a road known as Crest Avenue which runs through or is adjacent to all of the parties' properties. Plaintiff filed a motion for partial summary judgment to establish that no legal rights of use had been given to defendants.

The disputed road appears in approved subdivision plans dating back to August 27, 1913. It was identified as a potential road on unrecorded municipal planning documents. Approximately 50 years ago the land was subdivided along Hill Road in Lower Alsace Township, Berks County, Pennsylvania. The subdivision called for a road to be opened at a later date.

There is no evidence that the road was opened by any government authority as a public road. However, on December 11, 1985, the Board of Supervisors of the Township of Lower Alsace, enacted ordinance no. 125 which established the road as a fire access lane. Section 3 of the ordinance provides as follows: "No person or individual shall park a vehicle within the limits of the fire access lane hereby established, and/or no person, individual, firm, partnership, corporation or association shall construct and/or shall cause any obstruction of the within limits of the fire access lane hereby established."

Defendants established that at least from the 1950s forward the road was used by vehicles and pedestrians to access properties adjacent to the road. Although there is another road defendants could use to access their properties, it is longer and gets completely washed out when it rains. Too, defendants can see traffic on Hill Road more easily from the disputed road.

Frederick Lubas had lived in his residence adjacent to the road since 1971. He has helped maintain the road by putting stone down ever since he has lived there. Presently, he uses the road weekly, although his use of the road has changed over the years according to his needs.

Defendant, Martin Rhoad, has lived in his residence since 1996. He uses the road on a regular basis, especially whenever the other road is completely washed out. He constantly maintains the whole road and fills it as needed. He never had discussed the use of the road with plaintiffs until plaintiffs started to harass him when he was using it. Mr. Rhoad used the road on the date of his deposition. In the past plaintiffs have attempted to have him arrested for using the road. Kathleen Eskey testified that the prior owners of defendant David DeWalt's property did maintenance work on the road

Defendant, Carol Bertolet, has lived at her residence for three years. She uses the road daily. The prior owner did not tell her anything about the road. She and her husband plow the road, put stone on it, and mow it to keep it passable. Plaintiffs requested that that they not use the road and they harass her family daily for using it.

Plaintiff, David Ziemba, has been on disability for approximately four years due to his disassociated disorder. He did not work for approximately two years before he received his disability income. Plaintiff purchased his property on July 25, 1991. When he purchased the property, he did not inquire about the road. The road had been "scraggly" when he had purchased his residence because it had not been used on a regular basis. Since 1995 or 1996 the road started to be used by a "multitude of people" except for the year when he had put an unlocked gate on the road to restrict access. He removed the gate at the direction of the fire marshall.

On December 28, 2006, Mr. Ziemba had a new deed made to convey his property to himself and his wife. At that time he noted that the road was on his property. A survey in August 2007 confirmed that the road was entirely within his property.

Based on the foregoing facts, this court entered the order which is the subject of this opinion.

## DISCUSSION

Ordinarily, a license is merely a personal or revocable privilege to perform an act or series of acts on land of another. However, in Pennsylvania, a license will become irrevocable if the licensee expends money or labor in reliance on the permitted use. *Dailey's Chevrolet Inc. v. Worster Realties Inc.,* 312 Pa. Super. 275, 458 A.2d 956 (1983).

This court found that the road was used by neighbors for ingress and egress prior to Mr. Ziemba's purchase of

his residence. The neighbors, including defendants, used the road to access their properties after Mr. Ziemba purchased his property. The neighbors expended their labor and money to maintain the road before and after Mr. Ziemba purchased his residence. Mr. Ziemba did little to maintain the road. All parties believed that the road was for everyone's use. Only after plaintiff had learned that the road was deeded as part of his property did he attempt to block people's access to it. By then it was too late because plaintiffs had already permitted the use of the road and defendants relied on that use. Defendants expended labor and money to use the road. Moreover, any attempts by plaintiffs to block defendants' access to the road are violations of the township's ordinance. For these reasons, this court found that defendants had acquired an irrevocable license to use the road for the ingress and egress of their properties.